AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

FILED
JUL 20 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America<br>v.<br>Jonathan Hoang<br><br>Defendant(s) | Case No. 12-70818 PSG |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  at least 12/1/2011 throug 7/20/2012  in the county of   Santa Clara   in the
  Northern   District of   California  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. sections 912 and 701 | Section 912 (Pretending to Be an Officer or Employee of the United States)<br>Section 701 (Unlawful Possession of Official Badges, Identification Cards and Other Insignia) |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT OF DEA Special Agent Brian D. Neil (incorporated by reference)
PENALTIES: see paragraphs 4 and 5 of attached AFFIDAVIT

Approved as to form: Thomas A. Colthurst, AUSA _____

☑ Continued on the attached sheet.

_____
Complainant's signature

DEA Special Agent Brian D. Neil
Printed name and title

Sworn to before me and signed in my presence.

Date: 7-20-2012

_____
Judge's signature

City and state:   San Jose, CA     Hon. Paul S. Grewal, U.S. Magistrate Judge
Printed name and title

**AFFIDAVIT OF DEA AGENT BRIAN D. NEIL IN SUPPORT OF COMPLAINT**

Brian D. Neil, Special Agent of the United States Department of Justice, Drug Enforcement Administration ("DEA"), being duly sworn, depose and state as follows:

**A.    PURPOSE OF AFFIDAVIT, AND AFFIANT'S TRAINING AND EXPERIENCE**

1.    This affidavit is being submitted in support of a complaint charging Jonathan Hoang ("the Defendant"), a resident of Santa Clara County, California, with violating the following provisions of Title 18, United States Code:

Section 912 (Pretending to Be an Officer or Employee of the United States)

Section 701 (Unlawful Possession of Official Badges, Identification Cards and Other Insignia)

As discussed below, the Defendant has been pretending to be a DEA agent since at least December 1, 2011. Among other things, he has worn a firearm together with a DEA badge in public places; he has used simulated law enforcement equipment in his vehicles to signal motorists to stop; and he avoided a credit check while renting a house in the Silver Creek area of San Jose, California ("the rental house") by claiming to the landlord that a credit check could not be run because of his DEA employment.[1] The defendant was recently evicted from the rental house, and he was detained by San Jose Police Officers early this morning. The officers were investigating a possible burglary attempt. They detained the defendant after they found him in his truck which was parked near the rental house. Inside the truck, law enforcement officers found purported DEA badges and other insignia. The truck was equipped with emergency lights and a siren, similar to law enforcement equipment.

2.    I am an "investigative or law enforcement officer of the United States" within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516. I have been a DEA Special Agent for

---

[1] The exact address is not identified in this affidavit because it is not necessary to establish probable cause and because the rental house is owned by a third party.

AGENT'S AFFIDAVIT
IN SUPPORT OF COMPLAINT

over six years and am currently assigned to the San Jose Resident Office. Prior to joining the DEA San Jose Resident Office, I received formal training at the Drug Enforcement Administration Basic Agent Training, Quantico, VA. The four-month DEA Basic Academy included comprehensive, formalized instruction in, but not limited to: basic narcotic investigations, drug identification, detection, interdiction, familiarization with United States narcotic laws, financial investigations and money laundering, identification and seizure of drug related assets, organized crime investigations, physical and electronic surveillance, and undercover operations. Prior to working for the Drug Enforcement Administration, I worked as a Police Officer for the City of Battle Creek Police Department in Battle Creek, MI for approximately 5 years. In that capacity, I received comprehensive training and experience in street narcotics interdiction.

3. The facts set forth in this affidavit are known to me as a result of my personal participation in this investigation and through conversations with other Special Agents and investigators from the DEA and the San Jose Police Department. The following is not an exhaustive enumeration of the facts I have learned during the course of this investigation, but are the facts I believe sufficient to establish probable cause.

**B. THE VIOLATIONS CHARGED IN THE COMPLAINT**

4. The following is the text of 18 U.S.C. § 912:

> Whoever falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined under this title or imprisoned not more than three years, or both.

Your affiant has been advised by the United States Attorney's Office for the Northern District of California that the maximum penalties for violating this statute are a maximum prison sentence of three years, a maximum fine of $250,000, a maximum period of supervised release of one year, and a $100 special assessment.

5. The following is the text of 18 U.S.C. § 701:

> Whoever ... possesses any badge, identification card, or other insignia, of the design prescribed by the head of any department or agency of the United States for use by any officer or employee thereof, or any colorable imitation thereof, or

AGENT'S AFFIDAVIT
IN SUPPORT OF COMPLAINT          2

> photographs, prints, or in any other manner makes or executes any engraving, photograph, print, or impression in the likeness of any such badge, identification card, or other insignia, or any colorable imitation thereof, except as authorized under regulations made pursuant to law, shall be fined under this title or imprisoned not more than six months, or both.

Your affiant has been advised by the United States Attorney's Office for the Northern District of California that the maximum penalties for violating this statute are a maximum prison sentence of six months, a maximum fine of $5,000, a maximum period of supervised release of one year, and a $10 special assessment.

## C. FACTS ESTABLISHING PROBABLE CAUSE

6. During the early morning of July 20, 2012, I was notified that the San Jose Police Department (SJPD) had detained the Defendant. They had found him in a truck parked near the rental house while investigating a possible burglary at that residence. I was also advised that the SJPD had located what appeared to be fraudulent DEA badges, credentials, and items with DEA insignia. Additionally, the truck was equipped with emergency lights and a siren, similar to law enforcement equipment.

7. When I arrived at the rental house, SJPD officers advised me that when they arrived at the rental house at approximately 12:06 a.m, the Defendant exited a black pickup truck and stated that he was at the rental house to pick up property. The Officers advised that they observed low profile "emergency style" lights mounted in the vehicle. Further, when they asked the Defendant what he did for a living, the Defendant stated that he was a consultant for a federal agency. The Officers explained that after additional questioning, the Defendant stated that he did consulting work for DEA and that there was a gun in the back seat of the truck. The Officers checked the truck and located an unloaded Kimber .45 caliber handgun, several loaded magazines, a shoulder holster, what appeared to be a DEA badge, and what appeared to be DEA business cards. They dialed the phone number on the cards and heard the phone in the Defendant's truck ring. The Officers also found a collapsible baton, several notebooks bearing the DEA logo and a police scanner.

8. After the Officers located the above items, they handcuffed the Defendant and questioned him further about his employment with the DEA and the Defendant admitted that he

AGENT'S AFFIDAVIT
IN SUPPORT OF COMPLAINT 3

did not work for the DEA.[2] While removing property from the Defendant's pockets, the Officers also located a counterfeit DEA employee identification card and what appeared to be a DEA badge in a leather holder.

9. After speaking to the Officers, I made contact with the landlord of the rental house, Richard Bui. Bui stated that he knew the Defendant as a DEA agent. Bui stated that in November 2011, Bui's brother-in-law met with the Defendant to fill out the rental agreement. His brother-in-law told Bui that the Defendant arrived driving a unmarked police car and had a badge and gun on. Bui stated that the Defendant stated that he worked for DEA and listed he had been employed since July 1986. The Defendant identified DOJ as his employer, and "Special Agent/class 01" as his occupation. Bui further stated that the Defendant had explained that do to his job with the DEA, Bui could not run a credit check on the Defendant. Bui stated that the Defendant provided him with a drug screening report, credit check, and verification of employment from the DEA. Bui stated the only reason he rented the house to the Defendant was because he worked for the DEA and Bui felt comfortable. Bui further explained, that he negotiated a lower rent and did not verify the Defendant's information for the same reason.

10. At approximately 8:15 a.m. this morning, Bui emailed me the following documents concerning the Defendant's application to rent the rental house:

    a. The rental application submitted by the Defendant. The application is dated December 1, 2011. In the employment information section, the Defendant states that his employer is "DOJ", his is employed as a "Special Agent/class 01", and he has been employed there since "07-1986." Attached to the rental application were a document captioned "Drug Screen Report" listing the "donor" as "Special Agent Jonathan Vu Hoang" and a credit report for "Hoang, Jonathan."

    b. A letter on purported DEA letterhead, dated November 15, 2011, that

---

[2] I verified through my own investigation that the Defendant has never been employed by DEA. There is a record that he applied for employment with this agency but was not hired.

AGENT'S AFFIDAVIT
IN SUPPORT OF COMPLAINT     4

claims to verify that "Mr. Jonathan V. Hoang is currently employed as a US Federal Special Agent with the Cyber Drug Traffic Division of the Drug Enforcement Administration at the San Francisco Division."

c. A document captioned "Polygraph Examination Report" that states, "Based on a polygraph examination conducted on 10 October 2011, it is concluded that Special Agent Jonathan Vu Hoang was truthful when questioned in detailed (sic) about his job performance while on duty with the Drug Enforcement Administration/Cyber Drug Traffic Division."

d. A memorandum on purported DEA letterhead, dated October 14, 2011, that claims to be from "Drug Enforcement Administration Headquarter" (sic) to "Special Agent Jonathan V. Hoang" that represents that the results of a background investigation of each of three categories (controlled substance test, polygraph and credit check) was "past" (sic).

11. Bui told me that a couple of months after moving into the rental house, the Defendant began missing his monthly rent payments and Bui began the eviction process for the Defendant. Bui stated that on July 18, 2012, the Defendant was evicted from the rental house by the Sheriffs Department. Bui stated that he had made arrangements for the Defendant to retrieve his property at a later date, and that the Defendant would pick up his dog the next day, July 19, 2012. Bui stated on July 19, 2012, the Defendant arrived at the rental house in the afternoon. Bui stated that he had asked a neighbor ("the neighbor") to standby with Bui because he was afraid of the Defendant.

12. Bui stated that upon the Defendant's arrival, he exited his truck and had a gun and badge his hip. Bui stated that the Defendant asked to retrieve his dog later, and Bui agreed that he could contact the neighbor to accomplish this. Bui explained that he "freaked out" and was "afraid for his safety" so he asked the neighbor to meet the Defendant at the rental house for all future property requests. Bui explained that the neighbor was also afraid and made the comment that the Defendant's badge looked fake.

13. Bui stated that both he and the neighbor were contacted to meet the Defendant at

AGENT'S AFFIDAVIT
IN SUPPORT OF COMPLAINT                     5

the rental property that night at 11:00 p.m. Bui stated that both the neighbor and himself refused to meet the Defendant at that late hour. Bui stated that he requested that his sister and neighbor keep watch over the rental house. Bui stated the he was informed that the Defendant was parked in the driveway at approximately 1:30 p.m. and contacted the SJPD. Bui provided myself and SJPD officers with consent to search the rental property.

14. After speaking with Bui, I made contact with the Defendant. Myself and TFO Miguel Flores interviewed the Defendant inside of the rental house. I read the Defendant the Advice of Rights form (*Miranda* rights) and allowed the Defendant to read and sign his acknowledgment of having been advised of these rights on this form. The Defendant waved his rights and agreed to speak with agents. Additionally, the Defendant signed a consent to search the rental property, his truck, any and all electronic devises on the property and his cell phone, after I thoroughly explained his rights to refuse and that he was under no obligation to consent to the search.

15. The cellphone found with Hoang had a contact under the name of "DEA." The phone number to the contact is (415) 295-1593. We tried that number. When the number is dialed a recorded message answers the phone call and tells the caller that the caller is calling the "Drug Enforcement Administration Cyber Drug Traffic Division." There are two options: 1) to dial a person's extension or to find the person by their name. TFO Flores opted to find the person through the directory and dialed the first three letters of "JON" (566). The call is then forwarded and a recorded message tells the caller that "Jonathan Hoang" is not available and there is an option to leave a voicemail.

16. Hoang was found with numerous DEA business cards. The name listed under "Special Agent" is "Jonathan Hoang" and the phone number listed is (415) 295-1593 with extension "1026." TFO Flores called the number and entered the extension. The call is forwarded to a recorded message that tells the caller that "Jonathan Hoang" is not available and to there is an option to leave a voicemail.

17. Below is a non-verbatim summary of the statement provided by the Defendant.

    a. The Defendant stated that he had applied to DEA in 1986 but was never

AGENT'S AFFIDAVIT
IN SUPPORT OF COMPLAINT                  6

hired. The Defendant stated that approximately 8 years prior, the Defendant did work as a consultant to a company that was consulting DEA on internet security stuff. The Defendant stated that he respected DEA and wanted to be an agent, but that he had all of the DEA paraphernalia because he plays an agent in his 16 year old son's movies.

      b. The Defendant explained that a couple of years ago he had bought a black Crown Victoria with lights and sirens for the same purpose. The Defendant stated that he had since sold the Crown Victoria and bought the black Toyota pickup. The Defendant stated that he bought the police lights and siren off of the internet and installed them himself.

      c. After repeated questioning, the Defendant admitted to activating the lights in the Crown Victoria on several occasions, as well as once to slow down several cars that were speeding on northbound highway 680 in between San Jose and Fremont, CA. The Defendant stated that he also followed a suspected drunk driver northbound on highway 680 south of his home in Fremont, CA until she exited in Dublin, CA. The Defendant explained that he activated his lights but not his sirens as the driver pulled into a driveway. The Defendant stated that he then drove away.

      d. The Defendant also admitted wearing a gun and DEA badge in public. The Defendant stated that on one occasion, he waited at his 13year old son's school bus stop to scare a kid that was bullying his son. The Defendant stated that when the bus arrived he activated his PA system and called his son over to the truck and then exited the truck with the badge and gun on his hip. The Defendant stated that he did not approach the bully. The Defendant also stated that he was a member of the "open carry" movement in California and would often wear his badge with an unloaded gun in public at their functions.

      e. The Defendant also stated that he had worn a badge around his neck to scare away his girlfriend's ex-husband who was a suspected drug dealer. The Defendant stated that this occurred at a bar his girlfriend worked at in San Jose, CA.

18. I examined the two purported DEA badges and the purported DEA credentials found in the Defendant's possession. The badges and credentials were not exactly accurate but nevertheless closely resembled real DEA badges and credentials.

AGENT'S AFFIDAVIT
IN SUPPORT OF COMPLAINT       7

## D. CONCLUSION

19. Based on the foregoing, I believe that there is probable cause to believe that the defendant is guilty of violations of Title 18, United States Code, Section 912 (Pretending to Be an Officer or Employee of the United States) and 701 (Unlawful Possession of Official Badges, Identification Cards and Other Insignia). I therefore request the issuance of a criminal complaint against Jonathan Hoang for this offense.

_____
Brian D. Neil, Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me this 20th day of July 2012.

_____
The Honorable Paul S. Grewal
U.S. Magistrate Judge

AGENT'S AFFIDAVIT
IN SUPPORT OF COMPLAINT                8