UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JONATHAN HOANG,<br>Defendant. | Case No. 5:12-cr-583 EJD<br><br>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>Dkt. No. 81 |
|---|---|

I. INTRODUCTION

Presently before the court is Defendant Jonathan Hoang's motion for early termination of his supervised release to "time already served." Motion 1. Hoang's three-year term of supervised release will expire on January 23, 2020. The Government opposes the motion. the U.S. Probation Office recommends terminating supervision as scheduled. For the reasons set forth below, Hoang's motion will be denied.

III. BACKGROUND

In September of 2013, Hoang pled guilty to violation of 18 U.S.C. sections 506(a)(2) (Use and Possession of a Counterfeit Seal of an Agency of the United States), 912 (Pretending to Be an Officer or Employee of the United States) and 506(a)(3) (Use and Possession of a Counterfeit Seal of an Agency of the United States), and 15 U.S.C. §§78j(b) and 78ff, 17 C.F.R. §§240.10b-5 (Securities Fraud). On July 2, 2014, Defendant was sentenced to 72 months imprisonment and three years of supervised release. Defendant was also ordered to pay $3 million in restitution to the thirty-six (36) individuals who were victimized by Defendant. Hoang was released from

1 custody on January 24, 2017.

## III. STANDARDS

Pursuant to 18 U.S.C. § 3583(e)(2), the court may, after considering a subset of sentencing factors, "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision." 18 U.S.C. §3583(e)(2). The sentencing factors to be considered are: "the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002).

"[T]he district courts have broad discretion to alter the conditions of a defendant's supervised release." *United States v. Miller,* 205 F.3d 1098, 1100 (9th Cir. 2000). "Occasionally, changed circumstances-for instance, *exceptionally* good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release-will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *United States v. Lussier,* 104 F.3d 32, 36 (2nd Cir. 1997) (emphasis added). The modification or termination mechanism provided by § 3583(e)(1) allows the court "to respond to changes in the defendant's circumstances that may render a previously imposed condition of release either too harsh or inappropriately tailored to serve the general punishment goals of § 3553(a)." *United States v. Gross,* 307 F.3d at 1044.

## V. DISCUSSION

Hoang asserts that early termination of supervised release is appropriate for several reasons: he "is of low risk to reoffend"; he has been gainfully and regularly employed during his term of supervised release; he has no educational or vocational needs that Probation could help him with; he has made restitution payments in excess of the court-ordered $200 per month; he has

Case No.: 5:12-cr-00583-EJD-1
ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

2

"turned [his] life around" by staying out of trouble, keeping stable employment, and volunteering at his church to provide support to recovering addicts; he has the support of his fiancée and their young daughter who inspire him daily to lead a law-abiding life; and he poses no risk of a danger to the victims in this case or to the general public.

After considering all the statutory factors, the Court agrees with the Government that Hoang has not demonstrated the type of circumstances justifying a modification or termination of his supervised release. Although Hoang's post-incarceration accomplishments are commendable, his compliance with release conditions, resumption of employment and engagement of family life are all expected milestones rather than exceptionally good behavior rendering continued supervision no longer appropriate. *See United States v. McKay*, 352 F. Supp. 3d 359, 361 (E.D. N.Y. 2005) (finding that defendant's resumption of his "pre-incarceration life," including the restoration of family participation, "are expected of a person on supervised release and do not constitute the 'exceptional behavior' " contemplated by § 3583(e)(1)); *see also United States v. Wientraub,* 371 F. Supp. 2d 164, 167 (Dist. Conn. 2005) ("Although Weintraub's ongoing and for compliance with all conditions of supervised release, including payment of the fine and restitution, is commendable, in the end that is what is required of all criminal defendants and is not a basis for early termination of his supervised release.").

The seriousness of Defendant's crimes also weighs against early termination of supervised release. Hoang defrauded over thirty victims by pretending to sell them stock that did not exist. In many cases, he lulled victims by claiming he was a DEA agent. The fraud Hoang committed was extensive not only in terms of the number of victims, but also the amount of loss. Over the course of several years, Hoang defrauded victims out of $3 million. Hoang continued to defraud victims even after his arrest. The three-year term of supervised release is well justified by the gravity of Defendant's conduct.

//

//

Case No.: 5:12-cr-00583-EJD-1
ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

3

V. CONCLUSION

For the reasons stated above, Hoang's motion for early termination of supervised release is DENIED.

**IT IS SO ORDERED.**

Dated: December 9, 2019

_____
EDWARD J. DAVILA
United States District Judge